# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 1, 2008

Charles R. Fulbruge III
Clerk

No. 07-70024

RICKEY LYNN LEWIS

Petitioner-Appellant

v.

NATHANIEL QUARTERMAN, Director, Texas Department of Criminal Justice, Correctional Institutions Division

Respondent-Appellee

Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 5:05-CV-00070

Before BARKSDALE, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Rickey Lynn Lewis was sentenced to death in Texas state court for capital murder while in the course of committing the felony offenses of aggravated sexual assault and burglary. For his successive-habeas application, pursuant to Atkins v. Virginia, 536 U.S. 304 (2002) (execution of mentally-retarded criminal cruel and unusual punishment prohibited by Eighth Amendment), the district court denied relief but granted a certificate of appealability (COA) on one

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

issue. Lewis' request for a COA from this court on additional issues is DENIED. The issue for which the district court granted a COA will be addressed in a subsequent opinion.

I.

In September 1990, during the burglary of George Newman's residence, Lewis murdered him and sexually assaulted his fiancé. A state-court jury convicted Lewis in April 1994 of capital murder; he was sentenced to death. Holding the trial court had not applied the recently revised special issues, the Texas Court of Criminal Appeals (TCCA) upheld the conviction but remanded for a new punishment-phase hearing. Lewis v. State, No. 71,887 (Tex. Crim. App. 19 Jun. 1996) (unpublished).

On remand, Lewis was again sentenced to death; the TCCA affirmed. Lewis v. State, No. 71,887 (Tex. Crim. App. 23 Jun. 1999). Lewis did not seek review by the Supreme Court of the United States.

While his direct appeal was pending, Lewis requested state post-conviction relief. It was denied. Ex parte Lewis, No. 44,725-01 (Tex. Crim. App. 19 Apr. 2000) (unpublished).

Lewis then requested federal habeas relief, which was denied in 2002. Our court affirmed that denial. Lewis v. Cockrell, No. 02-40985 (5th Cir. 22 Jan. 2003) (unpublished). The Supreme Court denied review in October 2003. Lewis v. Dretke, 540 U.S. 841 (2003).

Following the 2002 Atkins decision, Lewis filed a successive-habeas application in state court, contending he is mentally retarded and thus, in the light of Atkins, ineligible for execution. The TCCA, in July 2003, stayed Lewis' scheduled execution and remanded the matter to a state trial court to consider the Atkins claim. Ex parte Lewis, No. 44,725-02 (Tex. Crim. App. 24 Jul. 2003) (unpublished).

The state trial court conducted an evidentiary hearing in December 2004. That court, in February 2005, rendered findings of fact and conclusions of law, and recommended relief be denied. The TCCA denied relief, based on the state trial court's findings and conclusions, and on the court's independent review. Ex parte Lewis, No. 44,725-02 (Tex. Crim. App. 29 Jun. 2005) (unpublished).

Between the state trial court's February 2005 recommendation and the TCCA's denial of relief that June, and concerned about the limitations period of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Lewis received permission from this court to file a successive federal habeas application for his Atkins claim, conditioned on the denial of relief by the TCCA. In re Lewis, No. 05-40484 (5th Cir. 15 Apr. 2005) (unpublished). Lewis filed his federal application in district court on 20 April 2005. Therefore, when the TCCA denied relief that June, which prompted Lewis' execution being set, the federal district court granted Lewis' unopposed motion to stay the execution.

In June 2007, that court ruled Lewis failed to establish he is mentally retarded; all relief was denied. Lewis v. Quarterman, No. 5:05-CV-70 (E.D. Tex. 22 Jun. 2007) (unpublished). That August, the district court granted a COA on one issue. That COA is whether, based upon the evidence submitted in the state-court proceeding, the following TCCA determination was unreasonable: Lewis failed to establish by a preponderance of the evidence that he had significantly sub-average general intellectual functioning.

## II.

Lewis seeks a COA on additional issues. In that regard, his 28 U.S.C. § 2254 successive-habeas application is subject to AEDPA. E.g., Penry v. Johnson, 532 U.S. 782, 792 (2001). Under AEDPA, Lewis may not appeal the denial of habeas relief unless he first obtains a COA from either the district, or this, court. 28 U.S.C. § 2253(c); Miller v. Dretke, 404 F.3d 908, 912 (5th Cir. 2005) (citations omitted). The district court must first decide whether to grant a COA; only if it

is denied by that court may a COA on that issue be requested here. FED. R. APP. P. 22(b)(1). Having been denied a COA on all but one issue by the district court, Lewis asks this court to grant a COA on others.

To obtain a COA, Lewis must make "a substantial showing of the denial of a constitutional right". 28 U.S.C. § 2253(c)(2) (emphasis added); see Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 483 (2000). To make such a showing, when, as here, the district court's habeas denial is on the merits, Lewis must demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further". Miller-El, 537 U.S. at 336 (quoting Slack, 529 U.S. at 484) (internal quotation marks omitted).

In deciding whether to grant a COA, we can make only a threshold inquiry into the district court's application of AEDPA to Lewis' constitutional claims; we may not consider the factual or legal merits in support of the claims. Id. "When a court of appeals sidesteps this process by first deciding the merits of an appeal, and then justifying its denial of a COA based on its adjudication of the actual merits, it is in essence deciding an appeal without jurisdiction." Id. at 336-37. For purposes of our threshold inquiry, we are cognizant that, under AEDPA, the district court was required, with limited exceptions, to defer to the state court's resolution of Lewis' claims. Those exceptions turn on the character of the state-court's ruling. Foster v. Quarterman, 466 F.3d 359, 365 (5th Cir. 2006).

First, on questions of law, as well as mixed questions of law and fact, the district court was required to defer to the state-court's decision unless it "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court". 28 U.S.C. § 2254(d)(1); see Miller, 404 F.3d at 913. The state-court's decision is considered contrary to clearly established federal law if it "reaches a legal conclusion in direct conflict

with a prior decision of the Supreme Court or if it reaches a different conclusion than the Supreme Court based on materially indistinguishable facts". Miller, 404 F.3d at 913 (quoting Miniel v. Cockrell, 339 F.3d 331, 337 (5th Cir. 2003)) (internal quotation marks omitted).

Second, our threshold inquiry must recognize the district court's obligation to defer to the state-court's factual findings, unless they "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding". 28 U.S.C. § 2254(d)(2). Along that line, the district court was required to presume the state-court's factual findings were correct, unless Lewis rebutted that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Moreover, our threshold inquiry requires consideration of a COA request against the backdrop of the elements of Lewis' underlying constitutional claims. See Miller, 404 F.3d at 913. Needless to say, meaningful review of whether Lewis has made the requisite 28 U.S.C. § 2253(c)(2) "substantial showing of the denial of a constitutional right" requires our considering these elements.

Lewis seeks a COA on the following two claims: the district court erred by refusing to consider an affidavit not presented in the state-court proceeding; and the State should bear the burden of proving a capital defendant is not mentally retarded. In addition, he seems to request a COA on whether the district court was required to review the scientific methodology applied by the experts in state court. None of these issues satisfies the above-stated standard for granting a COA.

### A.

Lewis seeks a COA on whether the district court should have considered the affidavit of Dr. Gale Roid, the author of the Stanford-Binet Intelligence Scales, Fifth Edition (IQ test). Dr. Roid's affidavit challenges Dr. Susan Rosin's administration of this IQ test to Lewis. Lewis claims: Dr. Rosin's failure to

5

follow procedures resulted in flawed findings; and state-court reliance on Dr. Rosin's testimony was objectively unreasonable. The district court ruled: because Dr. Roid's affidavit had not been presented in a state-court proceeding, it could not be considered because of the limitations imposed by 28 U.S.C. § 2254(d)(2) (no habeas relief unless state-court decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. (emphasis added)).

In seeking a COA for this claim, Lewis does not assert the denial of the requisite constitutional right. As noted, the district court granted a COA on whether the state court's determination (that Lewis failed to establish by a preponderance of the evidence that he had significantly sub-average general intellectual functioning) was unreasonable, based upon the evidence submitted in the state-court proceeding. Accordingly, in considering this issue on the merits, our court will necessarily review Dr. Rosin's administration of the IQ test. The related evidentiary ruling Lewis presents here, concerning Dr. Roid's affidavit, as a request for an expansion of the already-granted COA, pertains to possible evidence to be considered when the merits are addressed for the issue on which the district court granted a COA. (In addressing those merits, our court will decide whether Dr. Roid's affidavit should have been considered by the district court.) Restated, this evidentiary issue is not one for which a COA is required; again, it does not concern the denial of a constitutional right.

B.

Lewis seems to request a COA for whether the district court was required to review the scientific methodology applied by experts in state court to determine whether he was mentally retarded.

1.

Assuming he is making such a request, once again, no denial of a constitutional right is asserted. As discussed above, this is instead an

evidentiary question, not involving the requisite denial of such a right. Therefore, a COA is not required. If this issue was properly raised earlier, it will be considered when the merits are addressed in a subsequent opinion.

2.

In the alternative, assuming this is a proper subject for a COA request, Lewis did not present this issue in his COA request in district court. Along that line, as discussed supra, before this court can consider a COA request, a COA for that issue must have been denied by the district court. Brewer v. Quarterman, 466 F.3d 344, 346 (5th Cir. 2006), cert. denied, 128 S. Ct. 63 (2007); Whitehead v. Johnson, 157 F.3d 384, 388 (5th Cir. 1998). In other words, "lack of a ruling on a COA in the district court causes this court to be without jurisdiction to consider" a COA belatedly requested here. Sonnier v. Johnson, 161 F.3d 941, 946 (5th Cir. 1998) (citation omitted).

C.

Lewis requests a COA on whether the state court violated his constitutional rights by imposing on him the burden to prove, by a preponderance of the evidence, that he is mentally retarded. Lewis claims the State should instead bear the burden to prove, beyond a reasonable doubt, he is not mentally retarded.

The Supreme Court has left "to the State[s] the task of developing appropriate ways to enforce the constitutional restriction upon [their] execution of sentences". Atkins, 536 U.S. at 317 (alteration in original) (quoting Ford v. Wainwright, 477 U.S. 399, 416-17 (1986)). Along that line, Texas has "place[d] the burden of proof upon the defendant to show mental retardation by a preponderance of the evidence". Ex parte Briseno, 135 S.W.3d 1, 12 (Tex. Crim. App. 2004).

D.

A COA does not appear to be requested for any other issue. If one is requested, however, it is denied because of inadequate briefing. E.g., Hughes v. Johnson, 191 F.3d 607, 612-13 (5th Cir. 1999).

III.

For the foregoing reasons, a COA is DENIED. The issue for which the district court granted a COA will be addressed in a subsequent opinion.